IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| FOXHIRE, LLC, | ) | Case No. 5:24-cv-01315 |
| | ) | |
| Plaintiff, | ) | JUDGE DAVID A. RUIZ |
| | ) | |
| v. | ) | MEMORANDUM, OPINION & |
| | ) | ORDER |
| KISMET CDR, LLC d/b/a CREST VIE | ) | |
| CARE CENTER, | ) | |
| | ) | |
| Defendant. | ) | |

**Introduction**

Now pending is Plaintiff's motion for leave to file a sur-reply to Defendant's reply in support of its motion to dismiss for lack of personal jurisdiction. (R. 13). Defendant filed a response to the motion, (R. 14), to which Plaintiff replied. (R. 15). For the reasons stated below, Plaintiff's motion is GRANTED as explained herein.

**Facts**

This motion arises from Plaintiff's Foxhire, LLC ("Foxhire") Complaint against Kismet CDR, LLC, d/b/a Crest View Care Center ("Kismet"). The Complaint raises the following causes of action: (1) breach of contract for failing to pay invoices without excuse, and alternatively (2) unjust enrichment for receiving employees from Plaintiff without compensation.

Defendant moved for dismissal under Fed. R. Civ. P. 12(b)(2), arguing that the Court did not have personal jurisdiction. (R. 7). In its motion, Defendant argued that it did not have the minimum contacts as required for specific personal jurisdiction. *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945). Additionally, Defendant argued that "did not execute any general written agreement with

FoxHire at all." (R. 7, PageID #82).

In response, Plaintiff introduced evidence that showed an agent of Kismet signed the document. (R. 10). Defendant, in its reply, then pivoted to argue that the document was indeed signed, but that the signature was not compliant with the Uniform Electronic Transactions Act ("UETA"). (R. 12, PageID #162).

Plaintiff filed a motion for leave *instanter* to file a sur-reply (R.13), arguing that the issue raised under the UETA constituted a new argument, and that Plaintiff is therefore entitled to a reply. Defendant filed a brief in opposition, (R. 14), and Plaintiff filed a reply brief in support. (R. 15).

## Analysis

**A.  Legal Standards**

It is well established that "the Federal Rules of Civil Procedure do not expressly permit the filing of sur-replies." *Key v. Shelby Cnty.*, 551 F. App'x 262, 265 (6th Cir. 2014). Moreover, sur-replies are "highly disfavored," because they are often viewed by the court as "a strategic effort by the nonmoving party to have the last word on a matter." *Liberty Legal Found. v. Nat'l Democratic Party of the USA, Inc.*, 875 F. Supp. 2d 791, 797 (W.D. Tenn. 2012) (internal quotations and citations omitted); *see also, e.g.*, *Spitzer Autoworld Akron, LLC v. FCA US LLC*, 2023 WL 4842669 (N.D. Ohio Feb. 8, 2023), *Attractive Surgical, LLC v. Cleveland Clinic Found.*, 2019 WL 11075734, at *4 (N.D. Ohio Oct. 31, 2019).

However, a court may grant a motion to file a sur-reply when the moving party otherwise would not have the opportunity to respond to arguments made for the first time in the opposing party's reply. *Seay v. TVA*, 339 F.3d 454, 481 (6th Cir. 2003). Courts generally deny a motion to file a sur-reply when the opposing party does not raise any new arguments or introduce any new

evidence. *Id*.

**B.     Law & Analysis**

The issue at hand is whether Defendant raised a new argument in its reply. If so, the Court may use its discretion to grant leave to Plaintiff to file its sur-reply. When a movant raises a new argument in a reply, it deprives the nonmovant of their right to notice and a reasonable opportunity to respond. *Eng'g & Mfg. Servs.*, LLC *v. Ashton,* 387 F. App'x 575, 583 (6th Cir. 2010); *Tennessee ex rel. Skrmetti v. Ideal Horizon Benefits, LLC,* 2024 WL 3681566, at *2 (E.D. Tenn. Aug. 6, 2024) (holding that a court has broad discretion to allow a non-movant to file a sur-reply when the movant introduces new arguments in a reply). The Court generally denies motions for leave to file sur-replies that do not fall into this category, as they are usually attempts by the non-movant to have the last word on an issue. *Walden v. GE Int'l, Inc.*, 119 F.4th 1049, 1056 (6th Cir. 2024).

Defendant's motion to dismiss states that Kismet "did not execute any written agreement with FoxHire[,]" in support of its assertion that Kismet lacks sufficient minimum contacts with Ohio. (R. 7, PageID #82). However, in its reply brief to the motion to dismiss, Defendant raised a new argument, asserting that the written agreement, which Plaintiff identified in its opposition briefing, was deficient and unenforceable under the UETA. (R. 12, PageID #164).

Plaintiff seeks leave to respond to the new argument regarding the execution of the alleged agreement under the UETA. (R. 13). Defendant opposes leave and contends it did not raise a new argument, but instead merely provided additional support for a previous assertion that there was no signed agreement with Plaintiff. (R. 7-1). However, Plaintiff correctly asserts that Defendant switched tactics by arguing that the Contract was unenforceable as allegedly noncompliant with the UETA. (R. 15, PageID# 197).

The Court finds Defendant's argument unpersuasive and agrees with Plaintiff's assertion that Defendant's argument under the UETA was new and not discussed in the original motion. Defendant had the opportunity to raise the issue of insufficiency in its motion to dismiss, but did not. Raising it in the reply, therefore, denies Plaintiff the opportunity to respond and supports granting Plaintiff leave to assert a counter-argument.

In the case at hand, Plaintiff's sur-reply is not an improper attempt by the nonmovant to have the last word, for which sur-replies are rarely granted. *Walden v. GE Int'l, Inc.*, 119 F.4th 1049, 1056 (6th Cir. 2024). Rather, Plaintiff's sur-reply addresses a new argument asserted by Defendant in its reply, which falls squarely within the rare circumstances where granting leave is appropriate. *Eng'g & Mfg. Servs., LLC v. Ashton*, 387 F. App'x 575, 583 (6th Cir. 2010). Additionally, permitting a sur-reply is  in line with the Sixth Circuit's "strong preference that claims be adjudicated on their merits." *Golden Eagle Res. II, LLC v. Rice Drilling D, LLC*, 2023 WL 1927799, at *3 (S.D. Ohio Feb. 10, 2023) (quoting *Coleman v. Shoney's, Inc.*, 79 F. App'x 155, 157 (6th Cir. 2003)).

## Conclusion

Therefore, for the reasons stated above, Plaintiff's motion for leave to file a sur-reply (R. 13) is GRANTED. The proposed sur-reply attached to the motion (R. 13-2) is hereby deemed filed.

IT IS SO ORDERED.

Date: September 30, 2025

/s/ *David A. Ruiz*
David A. Ruiz
United States District Judge